Henry Herzog et al. v. Pittsburg. C. C. & St. L. Ry. Co. et al.

Laying Side Track in Street Where Damages Remote and General, not Enjoined.

There is no taking of private property within the meaning of the constitution when there is no direct or special invasion of property rights, and the only damages complained of are remote and not different in kind or hardly appreciably more in degree than what is suffered by the general public. Hence, injunction will not lie to restrain the laying of a railway side track in a public street where it appears that complainant's property will not abut upon the track when completed, but will lie at a distance of fifty and one hundred and sixty feet respectively from the ends thereof, that the ingress and egress to and from all the property abutting on the entire street will not be affected thereby, that no damages different in kind or degree from that suffered by the general public will result to complainant, that the inlet and outlet to other streets will not be obstructed therefrom, and that the rails of the proposed track will be laid even with the surface so as to make no obstruction to vehicles making use of the street.

**Cabell & Frieberg**, for plaintiffs.

**Maxwell & Ramsey**, contra.

JELKE, J.

This case is considered on the basis that defendant company proposes to lay a side track on the south side of Water street extending seventy feet east of Walnut street. If the top of the rails of such track is laid even with the surface of the street so as to make no obstruction in the street to wagons passing over the same, an injunction will be denied.

The nearest objecting property owner abuts on the north side more than fifty feet east of the east end of this proposed side track, and the nearest objecting property owner abutting on the south side of the street is about one hundred and sixty feet east of the east end of this proposed track.

We are of opinion that on account of the remoteness of the complaining property, the fact that access and egress to and from the property and the street itself between the lot lines extended are not at all affected, and that there is an abundance of unobstructed inlet and outlet both east and west to the other streets of the city, and that this track is to be used only as a side track, makes the damage to these complaining property owners no different in kind and hardly appreciably more in degree than that suffered by the general public, and hence there is no taking of private property, and brings this case fairly under the

Herzog v. Railway Co.

case of Kinnear Mfg. Co. v. Beatty, 65 Ohio St. 264 [62 N. E. Rep. 341; 87 Am. St. Rep. 600].

As to the violation of the city ordinance in using the track in the middle of the street during daylight we will leave the parties to the police department of the city for the present.